J-S33003-17

2017 PA Super 189

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSIE L. KLINE, SR., | |
| Appellant | No. 1766 MDA 2016 |

Appeal from the Judgment of Sentence Entered September 1, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006395-2015

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

OPINION BY BENDER, P.J.E.: **FILED JUNE 16, 2017**

Appellant, Jessie L. Kline, Sr., appeals from the judgment of sentence of an aggregate term of 2-4 years' incarceration, and 5 years' consecutive probation, following his conviction for violating provisions of the Solid Waste Management Act ("SWMA" or "the Act"), 35 P.S. § 6018.101 *et seq*. Appellant's violation of Section 6018.401(a) ("Section 401(a)") of the SWMA triggered a mandatory minimum sentence of 2 years' incarceration, pursuant to Section 6018.606(f) ("Section 606(f)"). Appellant contends that portion of his sentence is illegal under the principles set forth in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). After careful review, we affirm.

The trial court summarized the factual history of this case as follows:

> This case raises issues about hazardous material stored by Appellant on his property. Commonwealth witness, Mr. Noah

_____

[*] Retired Senior Judge assigned to the Superior Court.

Niedererr, testified that he conducted inspections of Appellant's property, Salvage Management, Inc. He stated that he saw multiple 55-gallon drums, piles of tires, and automotive fuel tanks in various sections of the property. Mr. Niedererr commenced the inspections in November 2010 and continued them until June 2015. Further, he elaborated that after multiple inspections, samples were taken from Appellant's property and Mr. Scott Hoy, Commonwealth's expert in flash point analysis, later confirmed that the samples that were tested were in fact hazardous materials.

Not only did Mr. Niedererr testify about the condition of Appellant's property, he also stated that there was a Consent Order and Agreement ("COA") between Appellant and the Pennsylvania DEP[1] because there were ongoing compliance issues with his Facility. Specifically, he also stated that per the COA, Appellant was required to remove tires and other waste from his property and make a notation of the same to the Department; which he never did. Furthermore, he testified that he conducted numerous inspections upon Appellant's property between 2010-14, yet there were not a lot of changes or waste removal undertaken by the Appellant. Also, while conducting an inspection in May 2014, some electronic waste was found on Appellant's property resulting in the inspections beginning in September 2014 becoming monthly inspections.

Thereafter, Mr. Niedererr testified that there was another COA between Appellant and the Department in July 2014, which encapsulated almost all things enumerated in the 2010 COA, but Appellant did not comply with the latter either. Due to non-compliance with the new COA, the Appellant was held in contempt of court by the Commonwealth Court on August 27, 2015. Commonwealth's witness, Mr. Anthony Martinelli, Environmental Group Manager with DEP, Bureau of Investigations, testified that the multiple drums found on Appellant's property had hay around them and that he discovered leaking and staining into the hay. As stated above, Mr. Scott Hoy, Commonwealth's expert in flash point analysis, later confirmed that the samples that were taken on February 12, 2013, were in fact hazardous materials because they failed to pass the flash point test.

---

[1] Department of Environmental Protection.

Next, Commonwealth's witness, Ms. June Black, an expert in organic chemical analysis, testified that the samples they received from Appellant's property were hazardous because their chemical composition exceeded regulatory standards. Finally, Commonwealth's witness, Mr. Don Hentz, Special Agent with Attorney General's Environment Crimes Unit, testified that the tires on Appellant's property posed a fire and bug risk, as well as the oil generated by any fires would be at risk to run off the property after a rain. Not only that, but Agent Hentz read a statement provided by … Appellant wherein he admitted that the drums on his property, the tires, and the soil thereof are all contaminated and that he is solely responsible for this contamination.

Next, Appellant testified that he put a bulldozer on his property to follow the COA and remove tires from his property, but further acknowledged that his effort wasn't enough. He further stated that he did not have a permit from the D[EP] for his property but claimed that no one, in the multiple conversations he had with the DEP employees, told him that a permit was required. Contradicting the Commonwealth's witnesses' testimony, he also stated that pursuant to the COA, he provided frequent notations of waste removal to the DEP. Finally, he claimed that he did not necessarily see that the 60,000-70,000 tires on his property amounted to waste and, contradicting the test results performed upon samples taken from his property, testified that there was nothing hazardous stored in any container or otherwise on his property.

Trial Court Opinion, 2/14/17, at 1-3 (citations omitted).

On July 15, 2016, Appellant was found guilty of five violations of the SWMA: a single violation of Section 401(a) (Management of hazardous waste), and four violations of Section 6018.610(1) (Unlawful conduct). On September 1, 2016, the trial court sentenced Appellant to a mandatory minimum term of 2-4 years' incarceration, and a consecutive term of 5 years' probation, for his violation of Section 401(a). Appellant also received concurrent terms of 6-12 months' incarceration, and 1 year of probation, for

two of the counts of unlawful conduct, a fine of $1,000 for the third, and no further penalty was imposed for the final offense.

Appellant timely filed post-sentence motions on September 12, 2016, which were effectively denied when the trial court recognized, in an order dated October 21, 2016, that Appellant had orally withdrawn them at a post-sentence motion hearing conducted that same day. Appellant then filed a notice of appeal on October 24, 2016. He timely filed a court-ordered Pa.R.A.P. 1925(b) statement on November 9, 2016. The trial court issued its Rule 1925(a) opinion on February 14, 2017.

Appellant now presents the following question for our review:

Did the [t]rial [c]ourt err by sentencing … Appellant under the mandatory provisions of Section 606(f) for violations of Section 401 as said mandatory provisions have been deemed unconstitutional by the [United States] Supreme Court's holding in [*Alleyne*]?

Appellant's Brief at 4.

We apply the following standards to Appellant's illegal sentencing claim:

[A] challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*. ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n. 7 (Pa. Super. 2014) (citation omitted). We further note that issues pertaining to the United States Supreme Court's decision in ***Alleyne*** … directly implicate the legality of the sentence. ***Commonwealth v. Lawrence***, 99 A.3d 116, 122–25 (Pa. Super. 2014). With this in mind, we proceed by noting our well-settled standard of review of questions involving the legality of a sentence.

"A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa.

- 4 -

> Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

***Commonwealth v. Wolfe***, 106 A.3d 800, 801–02 (Pa. Super. 2014), *aff'd*, 140 A.3d 651 (Pa. 2016).

> In ***Alleyne***, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. ***Alleyne***, [133 S.Ct.] at 2163. ***Alleyne*** is an extension of the Supreme Court's line of cases beginning with ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In ***Alleyne***, the Court overruled ***Harris v. United States***, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.

***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014).

The rule announced in ***Alleyne*** had a substantial impact on Pennsylvania's mandatory minimum sentencing scheme, as most of Pennsylvania's mandatory minimum sentencing statutes contained an ***Alleyne***-offending, proof-at-sentencing provision. In ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), this Court considered the effect of ***Alleyne*** with respect to the following mandatory minimum sentencing statute, as set forth in 42 Pa.C.S. § 9712.1:

> **(a) Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L.

- 5 -

233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

…

**(c) Proof at sentencing.--***Provisions of this section shall not be an element of the crime*, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. *The applicability of this section shall be determined at sentencing.* The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence *and shall determine, by a preponderance of the evidence*, if this section is applicable.

42 Pa.C.S. § 9712.1 (held unconstitutional in ***Newman***) (emphasis added, footnote excluded).

The ***Newman*** Court first concluded that the defendant's sentence was illegal in light of ***Alleyne*** and required this Court to vacate and remand for resentencing. [***Newman***, 99 A.3d] at 97–98. However, this Court further noted that ***Alleyne*** issues are subject to harmless error analysis but that the ***Alleyne*** issue in ***Newman*** was not harmless. ***Id.*** at 98–99. Finally, this Court rejected the Commonwealth's argument that, if the error was not harmless, the appropriate remedy would be to remand to the trial court to empanel a second sentencing jury. Specifically, in rejecting this argument, the ***Newman*** Court concluded that Section 9712.1 in its entirety must be struck down as unconstitutional in light of ***Alleyne***, concluding that its subsections were not severable.

***Wolfe***, 106 A.3d at 803.

The non-severability of ***Alleyne***-offending, proof-at-sentencing provisions, a principle first established in ***Newman***, led this Court to strike

down numerous other mandatory minimum sentencing statutes with identical proof-at-sentencing provisions. *See, e.g.*, *Wolfe, supra* (striking down 42 Pa.C.S. § 9718 in its entirety under *Alleyne*/*Newman*); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) (striking down 42 Pa.C.S. §§ 9712 and 9713); *Commonwealth v. Bizzel*, 107 A.3d 102 (Pa. Super. 2014) (striking down 18 Pa.C.S. § 6317); *Commonwealth v. Blakney*, 152 A.3d 1053 (Pa. Super. 2016) (striking down 42 Pa.C.S. § 9718.4).

In the instant case, Appellant contends that his sentence, imposed pursuant to Section 606(f) of SWMA, is illegal under *Alleyne*. That statute provides as follows:

(f) Any person who stores, transports, treats, or disposes of hazardous waste within the Commonwealth in violation of section 401,[1] or in violation of any order of the department shall be guilty of a felony of the second degree and, upon conviction, shall be sentenced to pay a fine of not less than $2,500 but not more than $100,000 per day for each violation or to imprisonment for not less than two years but not more than ten years, or both.

   [1] 35 P.S. § 6018.401.

35 P.S. § 6018.606(f).

It is immediately apparent upon reading Section 606(f) that it is neither identical nor similar to the *Alleyne*-violating, proof-at-sentencing provisions that were deemed unconstitutional and non-severable by the *Newman* line of cases. Section 606(f) does not contain any language directing that its terms "shall not be … element[s] of the crime." *See, e.g.*,

- 7 -

42 Pa.C.S. § 9712.1(c). Section 606(f) does not state that the Commonwealth is permitted to present additional evidence at sentencing. *Id.* Nor does it dictate a "preponderance of the evidence" standard for the application of its provisions. *Id.* Accordingly, we hold that Section 606(f) does not fall within the purview of the **Newman** line of cases and, therefore, Appellant's sentence under that provision is not facially illegal.

Nevertheless, while Section 606(f) is not facially invalid under the **Newman** line of cases, we must also consider whether Appellant's sentence under that provision violates **Alleyne**, as applied to him. First, we agree with Appellant that Section 606(f) provides for a mandatory minimum sentence. The statute clearly limits a sentencing court to one of two sentencing options. Section 606(f) dictates that the sentencing court "shall" sentence violators of Section 401(a) to a minimum fine, or a minimum sentence of two years' incarceration. 35 P.S. § 6018.606(f). Both options are themselves mandatory minimum sentences and, thus, Section 606(f) serves to deprive a trial judge of a significant degree of sentencing discretion much in the same way that most other mandatory minimum sentencing statutes function.

However, **Alleyne** did not outlaw all mandatory minimum sentences. Rather, **Alleyne** renders mandatory minimum sentences illegal when their mandatory sentencing provisions are based on factual triggers which 1) were not submitted for consideration to the fact-finder; and/or 2) were proven by

a standard less stringent than 'beyond a reasonable doubt.' *See Miller, supra*.

Here, Appellant argues that Section 606(f) does present an additional layer of proof not submitted for determination by the factfinder:

> Section 606(f) provides an additional layer of proof to be determined by the Court or additional analysis, that being the "or in violation of any order of the department." [hereinafter, "contested language"] This requires an additional finding of fact or "proof at sentencing" requirement which has heretofore been deemed unconstitutional pursuant to *Alleyne*.

Appellant's Brief at 13.

We disagree. Section 606(f) provides the criminal penalties for violations of Section 401(a), the latter of which reads, in pertinent part, as follows:

> (a) No person or municipality shall store, transport, treat, or dispose of hazardous waste within this Commonwealth *unless such storage, transportation, treatment, or disposal is authorized by the rules and regulations of the department*; no person or municipality shall own or operate a hazardous waste storage, treatment or disposal facility *unless such person or municipality has first obtained a permit* for the storage, treatment and disposal of hazardous waste from the department; and, no person or municipality shall transport hazardous waste within the Commonwealth *unless such person or municipality has first obtained a license for the transportation of hazardous waste from the department.*

35 Pa.C.S. § 6018.401 (emphasis added).

Clearly, Section 401(a) does not absolutely prohibit the storage, transport, treatment, or disposal of hazardous waste. To the contrary, it prohibits such activities only when they are done without proper authorization by the DEP. Thus, while the statute obviously prohibits these

activities when no permit, license, or other authorization has been obtained from the DEP, it also inherently proscribes the failure to adhere to DEP orders that are issued to ensure compliance with its regulations on the storage, transportation, treatment, or disposal of hazardous waste. Thus, we hold that a company's or individual's failure to comply with the terms of DEP permits, licenses, or other orders governing the storage, transportation, treatment, or disposal of hazardous waste, is itself a violation of Section 401. Consequently, we also hold that the contested language of Section 606(f) does not present or add a new criminal element to Section 401(a). Moreover, Appellant does not argue, nor do we ascertain from a plain reading of the statute, that any provision of Section 606(f) directs a sentencing court to apply anything less than a "beyond a reasonable doubt" standard to its provisions.

In any event, Appellant has not provided any reference to the record demonstrating that he was sentenced pursuant to the contested provision, rather than for a "violation of section 401." 35 P.S. § 6018.606(f). Moreover, Appellant does not assert that sentences under Section 606(f) that do not apply the contested language even raise **Alleyne** concerns. Thus, Appellant has failed to demonstrate that Section 606(f) violates **Alleyne** even if the contested language, contrary to our analysis above, in fact raises **Alleyne** concerns. Furthermore, even if Appellant's claim is considered a facial challenge to Section 606(f), despite not falling directly within the **Newman** line of cases, Appellant has provided no argument why

the contested language is not severable from the remainder of Section 606(f).

In sum, we conclude that Appellant's illegal sentencing claim is meritless. Section 606(f) does not appear similar to, much less identical to, the *Alleyne*-violating, proof-at-sentencing provisions deemed unconstitutional and non-severable in the *Newman* line of cases. Accordingly, we do not view that provision to be facially invalid under *Alleyne*. Furthermore, considering Appellant's claim as an as-applied challenge, we reject his interpretation of Section 606(f) insofar as he claims the contested language effectively provides an additional element of a crime not defined in Section 401(a). Finally, Appellant has not even adequately demonstrated that he was, in fact, convicted under that provision of Section 606(f).

Judgment of sentence *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017