**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKEASE GILBERT COUSINS, | |
| Appellant | No. 1411 EDA 2017 |

Appeal from the Judgment of Sentence March 28, 2017
in the Court of Common Pleas of Chester County
Criminal Division at Nos.: CP-15-CR-0001915-2009
CP-15-CR-0003014-2016

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 09, 2018**

Appellant, Markease Gilbert Cousins, appeals from the judgment of sentence imposed following his conviction of possession of a controlled substance and revocation of his probation at the above-stated docket numbers. Appellant challenges the legality and discretionary aspects of his sentence. We affirm.

The trial court aptly set forth the relevant background of this case as follows:

> On July 21, 2016, [Appellant] was arrested in Coatesville on an active bench warrant. When he was taken into custody, a search incident to arrest was conducted. During the search, 16 bags containing a total of 1.75 grams of cocaine were found on his person. Following a stipulated facts trial on February 3, 3017, [Appellant] was found guilty of Possession of a Controlled

---

* Retired Senior Judge assigned to the Superior Court.

Substance (35 P.S. § 780-113[(a)(16)]([Docket] No. 3014-16). This conviction constituted a violation of probation (hereinafter "VOP") for a prior conviction for Conspiracy to Commit Burglary ([Docket] No. 1915-09).

[Appellant] was sentenced on March 28, 2017[, following preparation of a pre-sentence investigation report (PSI)]. He received 1-3 years [of] incarceration for the possession charge[1] and an additional 1-5 years on the VOP for a total of 2-8 years [of] imprisonment.

On April 7, 2017, [Appellant] filed a Petition for Reconsideration and Reduction of Sentence. His Petition was denied by Order dated April 10, 2017. In the Order, the court explained that [Appellant's] Petition was denied based on [his] very poor prior record and his awful performance on probation and parole.

Appellant thereafter filed a Notice of Appeal on April 26, 2017. On April 27, 2017 [Appellant] was ordered to file a Concise Statement of Matters Complained of on Appeal, which was filed on May 15, 2017. . . .

(Trial Court Opinion, 6/26/17, at 1-2) (record citation omitted).

Appellant raises the following issues for our review:

[I.] Did the trial court sentence the [A]ppellant to an illegal sentence under 35 P.S. § 780-113(b) when the court sentenced the [A]ppellant to 1 year to 3 years of incarceration on the charge of possession of a controlled substance when the [A]ppellant only had prior offenses for possession of paraphernalia and possession of a small amount of marijuana?

[II.] Did the trial court abuse its discretion by sentencing the [A]ppellant to an excessive term of incarceration when the [c]ourt sentenced him to consecutive sentences on term numbers 1915-

---

[1] Appellant had prior convictions in 2011 for possession of drug paraphernalia and possession of a small amount of marijuana, 35 P.S. §§ 780-113(a)(32) and (31), respectively. (**See** Trial Ct. Op. at 5; Appellant's Brief, at 5, 9; Commonwealth's Brief, at 5, 8).

2009 and 3014-2016 for an aggregate sentence of 2 years to 8 years?

(Appellant's Brief, at 4).[2]

Appellant first challenges the legality of the not less than one nor more than three-year sentence imposed on his possession of a controlled substance conviction. (**See** Appellant's Brief, at 9-13). Appellant contends that the maximum term of incarceration for this offense is one year, where his prior convictions were for possession of drug paraphernalia and possession of a small amount of marijuana. (**See id.** at 9). This issue does not merit relief.

> It is . . . well-established that [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Kline*, 166 A.3d 337, 340–41 (Pa. Super. 2017) (citations and quotation marks omitted).

> Interpretation of a statute is guided by the polestar principles set forth in the Statutory Construction Act, 1 Pa.C.S.[A.] § 1501 *et seq*. Our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. [T]he best indication of legislative intent is the plain language of a statute. Furthermore, in construing statutory language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage.

---

[2] We have re-ordered Appellant's questions to correspond to the body of his brief.

*Commonwealth v. Parsons*, 166 A.3d 1242, 1246 (Pa. Super. 2017) (case citations and quotation marks omitted).  We also note that the provisions of a penal statute must be strictly construed.  **See** 1 Pa.C.S.A. § 1928(b)(1).

Instantly, Appellant was convicted of possession of a controlled substance pursuant to 35 P.S. § 780-113(a)(16).  The applicable sentencing provision for this conviction states:

> (b) Any person who violates any of the provisions of clauses (1) through (11), (13) and (15) through (20) or (37) of subsection (a) shall be guilty of a misdemeanor, and except for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both, and for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding five thousand dollars ($5,000), or both; **but, if the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not exceeding three years** or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both.

35 P.S. § 780-113(b) (emphasis added).

Appellant contends that this provision is ambiguous, and should be construed narrowly to require a prior conviction for one of the clauses specifically listed in 780-113(b), (*i.e.*, (1) through (11), (13), and (15) through (20) or (37) of subsection (a)), as opposed to any conviction under 780-113.  (**See** Appellant's Brief, at 9-10, 13).  Because his prior offenses were pursuant to clauses (31) and (32), he contends, the sentencing enhancement does not apply to him.  (**See id.** at 9).  We disagree.

- 4 -

"Normally, the incarceration for [drug] possession cannot exceed one year. 35 P.S. § 780-113(b)." *Commonwealth v. Pitner*, 928 A.2d 1104, 1111, (Pa. Super. 2007), *appeal denied*, 944 A.2d 757 (Pa. 2008). "However, **if the possession occurs after a prior conviction under the Act**, the maximum term of imprisonment is three years." *Id.* (citing 35 P.S. § 780-113(b) and stating that it is unambiguous) (emphasis added). An appellant's "prior drug convictions[] ma[ke] him subject to the increased penalty." *Id.* at 1112.

Instantly, as noted, Appellant had prior convictions for possession of drug paraphernalia and possession of a small amount of marijuana, both of which are convictions under section 780-113 of The Controlled Substance, Drug, Device and Cosmetic Act. Therefore, Appellant committed the current possession offense "after a prior conviction . . . for a violation of this act under this section[,]" and the trial court, under the plain language of the statute, was required to sentence him to a term of "imprisonment not exceeding three years[.]" 35 P.S. § 780-113(b); *see also Parsons*, *supra* at 1246.

We find no support in the statutory language itself or other legal authority for the strained interpretation Appellant offers. Instead, we conclude that there is "nothing ambiguous about subsection (b)" and Appellant's "prior drug convictions[] ma[ke] him subject to the increased penalty." *Pitner*, *supra* at 1112. Therefore, the trial court's sentence was not illegal, and Appellant's first claim lacks merit.

Appellant next challenges the discretionary aspects of his sentence, arguing that the trial court's aggregate sentence of not less than two nor more than eight years' incarceration was excessive and constitutes too severe a punishment, in light of the non-violent simple possession charge in this case. (**See** Appellant's Brief, at 8, 13-16).

Appellant's issue challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:
>
> > (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

**Commonwealth v. Johnson-Daniels**, 167 A.3d 17, 27 (Pa. Super. 2017) (case citations and quotation marks omitted).

Here, Appellant met the first three elements by filing a timely notice of appeal, preserving the issue in his post-sentence motion, and including a Rule 2119(f) statement in his brief. Because Appellant's claim that the trial court's aggregate sentence was excessive and disproportionate to his offense presents a substantial question, we will review it on the merits. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa. Super. 2006). Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Johnson-Daniels*, *supra* at 28 (citation omitted).

We begin by noting that where "the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Commonwealth v. Johnson*, 125 A.3d 822, 827 (Pa. Super. 2015) (citation omitted). We are also cognizant of the "[l]ong standing precedent . . . that 42 Pa.C.S.[A.] section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Johnson-Daniels*, *supra* at 28 (citations omitted).

Here, at the sentencing hearing, the trial court explained its rationale for the sentence as follows:

> THE COURT: Okay. Well, there are three things I look at at sentencing. One is whether you're going to rehabilitate yourself; two is how serious the crime is; and three, the protection of the public.
>
> I hope the past is in the past. Your past was as a juvenile, the first one I saw was you punch and kick another guy. The next one is you assault a juvenile in 2007, and he has a broken eye socket.

And I would think after that that would be it. Then you had the case with your mom, where it's a burglary, where a codefendant has a gun, which is just frightening to think about that, that you would put your mom—conspire with people or agree with people to do a burglary, and your mom is scared to death.

\* \* \*

THE COURT: Okay. So to bring a gun, whether your mom is home or not—I'm wrong. She wasn't there. But still your family that you care for [was there]—that's obvious from your PSI—yes.

\* \* \*

THE COURT: Okay. But the next one you have is you have possession of instruments of crime from 2010, where that one you threw a gun. . . .

\* \* \*

THE COURT: Then it gets worse because in 2011 you're choking—is this the mother of your child?

Defendant: Yes.

THE COURT: You're choking her when she's pregnant. And your attorney will tell you I've sent people to jail for that alone for years.

Then finally you have the robbery that you did three and a half to seven, where again you don't have a gun but somebody else has a gun, which is just if you're around people that have guns, or if you're ditching a gun, it makes you look like a thug, which is what you've been up until [a]ge 26.

\* \* \*

THE COURT: . . . I could just whack you, but I'm not going to do that entirely. I'm going to give you consecutive years. . . .

The only reason I'm not just simply washing my hands of you, [Appellant], based on your prior record is because the underlying charge here is you're stupidly walking around with

drugs in your possession.  So the two years is the penalty for that, but it's also that you did it while you were on parole for a serious case. . . .

For my dealings with you, which is where we're going forward from here, you have a horrible resume.  And you're saying you're a different guy now. . . .  So the point is that you want to show that to me. . . .

You're a young guy.  You've done violent things, but you can basically have the capacity to change. . . .

(N.T. Sentencing, 3/28/17, at 13-17).

In its Rule 1925(a) opinion, the trial court further explained that, in formulating an appropriate sentence for Appellant, it took into consideration all relevant sentencing criteria, the information contained in the PSI, the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs.  (**See** Trial Ct. Op., at 4-6).  Thus, the record reflects that the court thoroughly considered Appellant's background, the circumstances of his possession offense, and his capacity for change, and sentenced him accordingly.  Because we discern no abuse of discretion in its imposition of Appellant's aggregate sentence, his second issue merits no relief. **See Johnson-Daniels**, **supra** at 28.  Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/18