J-S40043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
       :   PENNSYLVANIA
       :
          v.       :
       :
       :
       :
CORNEILUS  TAYLOR,       :
       :
          Appellant    :   No. 1399 EDA 2017

Appeal from the PCRA Order March 28, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001566-2015

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY DUBOW, J.:         **FILED NOVEMBER 13, 2018**

Appellant, Cornelius Taylor, appeals *pro se* from the March 28, 2017 Order entered in the Delaware County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the underlying facts and we need not repeat them in detail.  **See** PCRA Court Opinion, filed 6/27/17, at 1-3.  Briefly, on February 2, 2015, Appellant, Lashon Royster ("Victim"), and a group of friends that lived together drove from Philadelphia to Darby Borough Medical Center to accompany Appellant's fiancé, Mama Shirl, to a medical appointment. Appellant's niece, Tia Taylor, drove the vehicle.  Appellant and the Victim got in an argument in the waiting room.  Upon leaving the medical appointment, Appellant told the Victim that he was not allowed to drive back to Philadelphia with the group and that he should find a new place to live.  Appellant sat in

_____
*   Retired Senior Judge assigned to the Superior Court.

the back of the car and Mama Shirl sat in the front passenger seat. When the Victim leaned in the car to help Mama Shirl buckle her seatbelt, Appellant instructed Tia to drive away and threatened to kill the Victim. Tia began to drive and Appellant reached over the seat and stabbed the Victim in the back of the neck. While a struggle ensued between Appellant and the Victim, Tia continued to drive and hit several other vehicles. Eventually, the vehicle came to a stop.

Officers Charles Shuler and Randall Kennedy from the Darby Borough Police Department arrived at the scene. Officer Shuler followed the Victim to the hospital where he took the Victim's statement. Officer Kennedy remained on the scene and spoke to a witness, Alexander Miller, who stated that the man who stabbed the Victim, later identified as Appellant, was still in the vehicle. Officer Kennedy arrested Appellant, took him into custody, and obtained a statement from Appellant. Appellant told Officer Kennedy that he stabbed the Victim in the face and neck due to an argument that day and an alleged previous mistreatment of Mama Shirl by the Victim. The Commonwealth charged Appellant with Attempted Criminal Homicide, Aggravated Assault, and related charges.

A jury trial commenced on September 22, 2015. The Commonwealth presented testimony from the Victim, Alexander Miller, Officer Shuler, and Officer Kennedy. Appellant presented testimony from Tia Taylor. On September 23, 2015, the jury convicted Appellant of Aggravated Assault and

Possession of an Instrument of Crime.[1]  The jury acquitted Appellant of Attempted Criminal Homicide.

On December 17, 2015, the trial court sentenced Appellant to an aggregate term of eleven to twenty-two years' incarceration.  Appellant did not file a Post-Sentence Motion or a Notice of Appeal.

On July 8, 2016, Appellant filed a timely *pro se* PCRA Petition, his first, alleging, *inter alia*, ineffective assistance of counsel and a violation of his constitutional rights.  The PCRA court appointed counsel who filed a Petition to Withdraw and a ***Turner/Finley*** "no merit" letter.[2]  On March 2, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Without a Hearing and issued an Order granting PCRA counsel's Motion to Withdraw.  On March 29, 2017, after considering Appellant's *pro se* Response, the PCRA court dismissed the PCRA Petition.

Appellant timely appealed *pro se*.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues on appeal:

1. Whether [] Appellant is entitled to relief on his claim of trial counsel's ineffective assistance for failure to raise a self-defense claim?

---

[1] 18 Pa.C.S. § 2702(a) and 18 Pa.C.S. § 907(a), respectively.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2. Whether [] Appellant is entitled to relief on his claim of trial counsel's ineffective assistance for failure to call fact and character witnesses on Appellant's behalf at trial?

3. Whether [] Appellant is entitled to relief on his claim of trial counsel's ineffective assistance for failure to request a psychological evaluation?

4. Whether Appellant['s] sentence pursuant to [42 Pa.C.S. § 9714] is unconstitutional [and] illegal.

Appellant's Brief at 2 (some capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). Appellant must also establish that the issues

- 4 -

raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

In his first three issues, Appellant avers that his trial counsel was ineffective. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in

rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

In his first issue, Appellant avers that his trial counsel was ineffective for failing request a self-defense jury instruction. Appellant's Brief at 6-7. Appellant asserts that Tia Taylor testified that the Victim was aggressive and that everyone was in danger. ***Id.*** at 7. Appellant argues that "[Tia] testified to an event that would put any citizen into fear" and that trial counsel failed to "present a defense that Appellant was in self-defense of himself, and/or other." ***Id.*** Our review of the record belies this claim.

Trial counsel did, in fact, request two separate jury instructions regarding a justification defense, including both justification to use force/deadly force in self-defense and justification to use deadly force in defense of others. The trial court denied these requests.[3] N.T. Trial, 9/23/15, at 21. Accordingly, Appellant's assertion that trial counsel was ineffective for failing to present a justification defense lacks arguable merit.

In his second issue, Appellant claims that trial counsel was ineffective for failure to call fact and character witnesses on Appellant's behalf at trial. Appellant's Brief at 8. Appellant argues that trial counsel failed to investigate

_____

[3] Appellant has waived any claim that the trial court abused its discretion in denying trial counsel's request for self-defense jury instructions, as the appropriate time to raise that issue was on direct appeal. ***See Fulton, supra*** at 571 (Pa. 2003) ("An issue is waived for purposes of the PCRA if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, [or] on appeal[.]"); 42 Pa.C.S. § 9544(b).

or interview potential witnesses from the crime scene. *See id.* at 8. Appellant fails to identify who these witnesses are, and, therefore, Appellant's claim lacks arguable merit.

For an appellant to be entitled to relief on a claim of ineffectiveness of counsel for failure to call a witness, the appellant must demonstrate that: (1) the witness existed, was available, and willing to cooperate; (2) counsel knew or should have known of the witness; and (3) the absence of the witness's testimony prejudiced the appellant. *Commonwealth v. Birdsong*, 24 A.3d 319, 334 (Pa. 2011).

Instantly, Appellant fails to name any of the witnesses to whom he is referring. Without disclosing the identity of the witnesses, Appellant cannot establish that the witnesses actually existed, were available, and were willing to cooperate. Accordingly, Appellant's claim that counsel was ineffective for failing to call certain fact and character witnesses lacks arguable merit.

In his third issue, Appellant avers that trial counsel was ineffective for failing to request a psychological evaluation. Appellant's Brief at 8. This averment is factually inaccurate. The PCRA court explains, and our review of the record reveals, that trial counsel **did** request both a psychological and psychiatric evaluation prior to sentencing. *See* N.T. Trial, 9/23/15, at 75. Both evaluations were completed, presented to the court, and considered by the court prior to sentencing. *See* N.T. Sentencing, 12/17/15, at 8. Accordingly, this issue is devoid of arguable merit.

In his fourth and final issue, Appellant asserts that his sentence is illegal. Appellant's Brief at 9. Appellant avers that the trial court sentenced him pursuant to 42 Pa.C.S. § 9714, and that there are pending cases in the Pennsylvania Supreme Court dealing with the "illegality" of Section 9714. Therefore, Appellant requests to be re-sentenced pending the outcome of those cases. *Id.* at 9-10.

As an initial matter, we recognize that a legality of sentencing issue is reviewable under the PCRA and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). As such, even though Appellant raises this issue for the first time in his Brief, we will address it, bearing in mind our well-settled standard of review. As issues relating to the legality of a sentence are questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Kline*, 166 A.3d 337, 340–41 (Pa. Super. 2017), *appeal denied*, 176 A.3d 236 (Pa. 2017).

Appellant correctly asserts that the trial court sentenced him to an aggregate term of eleven to twenty-two years' incarceration pursuant to Section 9714, which, in relevant part, imposes a mandatory minimum sentence of 10 years' incarceration for any person who has previously been convicted of a crime of violence. *See* 42 Pa.C.S. § 9714(a)(1). While Appellant argues that Section 9714 is unconstitutional, and therefore illegal, Appellant's argument is incorrect. In *Alleyne*, 570 U.S. 99, 112-13 (2013), the Supreme Court of the United States held, *inter alia,* that the Sixth

Amendment requires that any fact – other than a prior conviction – that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable double.  Moreover, this Court has specifically held that Section 9714, which increases mandatory minimums based on prior convictions, is not unconstitutional under **Alleyne**. **Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015).  Accordingly, the trial court did not sentence Appellant under an unconstitutional statute that renders his sentence illegal.  There is nothing in the record to support Appellant's argument that his sentence is illegal and, thus, Appellant is not entitled to relief.

Because Appellant failed to meet his burden of establishing that trial counsel was ineffective, or that his sentence is illegal, he is not entitled to relief under the PCRA.  Accordingly, the PCRA court did not err when it dismissed Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/18