J-S47041-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS ANGEL CRUZ, | : | |
| | : | |
| Appellant | : | No. 1581 MDA 2019 |

Appeal from the PCRA Order Entered August 26, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003831-2014

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED FEBRUARY 25, 2021**

Luis Angel Cruz (Appellant) appeals *pro se* from the August 26, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

The PCRA court provided the following procedural history.[1]

Following a jury trial held on June 6, 2017, Appellant was found guilty of rape of a child, involuntary deviate sexual intercourse [(IDSI)] with a child, aggravated indecent assault of a child, unlawful contact with a minor – sexual offense, indecent assault, and corruption of minors. [] Appellant was sentenced to an aggregate sentence of 35 to 70 years of incarceration.

Notice of Intent to Dismiss, 8/15/2019, at 1 (footnotes omitted). Appellant filed a post-sentence motion challenging the weight of the evidence, which the trial court denied. On appeal to this Court, Appellant challenged the

_____

[1] Based on our disposition, we need not recount the underlying facts.

*Retired Senior Judge assigned to the Superior Court.

admission of prior bad act evidence pursuant to Pa.R.E. 404(b). Upon review, we affirmed Appellant's judgment of sentence. **Commonwealth v. Cruz**, 194 A.3d 682 (Pa. Super. 2018) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied.

On February 25, 2019, Appellant *pro se* timely filed the instant PCRA petition. Therein, Appellant claimed ineffective assistance of trial counsel for failing to object to (1) the imposition of a mandatory minimum sentence on **Alleyne**[2] grounds; (2) the trial court's failure to merge rape of a child and IDSI for sentencing purposes; and (3) the Commonwealth's failure to disclose a complete discovery package. *Pro se* PCRA Petition, 2/25/2019, at 2. Counsel was appointed, and on August 5, 2019, counsel filed a motion to withdraw and **Turner/Finley**[3] "no-merit" letter. On August 15, 2019, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 22, 2019, Appellant filed a response,

---

[2] **Alleyne v. United States**, 570 U.S. 99 (2013) (holding that any fact which increases the mandatory minimum sentence for a crime is an element of that crime, and therefore must be submitted to a jury and proven beyond a reasonable doubt). By way of background, Appellant was subject to a mandatory minimum sentence of 25 years of incarceration as a result of a prior sexual offense conviction, pursuant to 42 Pa.C.S. § 9718.2.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

reasserting his original PCRA claims. On August 26, 2019, the PCRA court dismissed Appellant's PCRA petition.

Appellant timely filed a notice of appeal.[4], [5] On appeal, Appellant abandons the claims he raised in his PCRA petition and instead raises new claims (1) arguing that appellate counsel was ineffective for failing to raise weight and sufficiency claims, and (2) challenging the constitutionality of 18 Pa.C.S. § 3106 (testimony of complainants). Appellant's Brief at 9-12 (unnecessary capitalization omitted). "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007) (citations omitted); ***see also*** Pa.R.A.P. 302(a); ***Commonwealth v. Lawrence***, 99 A.3d 116, 122 (Pa. Super. 2014) (noting challenges to the constitutionality of a statute generally can be waived). However, ***Alleyne*** claims that "directly implicate the legality of the sentence [] may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Kline***, 166 A.3d 337, 340 (Pa. Super. 2017) (citations omitted). Although Appellant cites ***Alleyne*** in his brief, he abandons any challenge to the PCRA court's denial of his PCRA ***Alleyne*** claim or the legality of his sentence. Instead, Appellant challenges

---

[4] Appellant complied with Pa.R.A.P. 1925(b). In lieu of a Rule 1925(a) opinion, the PCRA court referred us to its August 15, 2019 notice of intent to dismiss.

[5] This Court initially dismissed Appellant's appeal for failure to file a brief, but subsequently granted Appellant's request to reinstate the instant appeal.

direct appeal counsel's failure to raise sufficiency and weight claims on appeal and the constitutionality of 18 Pa.C.S. § 3106, and merely cites to **Alleyne** for support that is unrelated to his new claims. Appellant has waived these new claims by failing to raise them before the PCRA court. Accordingly, we affirm the order of the PCRA court dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2021