J-S32041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS ENRIQUE PACHECO | : | |
| | : | |
| Appellant | : | No. 594 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 18, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001211-2021

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                 **FILED: NOVEMBER 17, 2022**

Luis Enrique Pacheco appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, after a jury convicted him of one count of possession of a Schedule I controlled substance.[1]  After our review, we affirm.

On March 17, 2022, the trial court, applying a sentencing enhancement, sentenced Pacheco to 16 to 36 months' incarceration in county prison.[2]  The

---

[1] 35 P.S. § 780-113(a)(16). The controlled substance is identified as MDMB-4en-PINACA, a synthetic cannabinoid.  ***See*** Information, 4/22/21.

[2] Pacheco had a prior record score of 5.  Due to his prior drug convictions, he was subject to sentencing enhancement, bringing his maximum sentence to three years.  ***See*** N.T. Sentencing Hearing, 3/17/22, at 3; Sentence Guideline Form, 4/4/22; ***see also*** 35 P.S. § 780-113(b) ("[I]f the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment *not exceeding three years* or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both.") (emphasis added).

next day, the court amended the sentencing order, committing Pacheco to a state correctional facility. **See** Order, 3/18/22. Pacheco filed a timely post-sentence motion on March 28, 2022, which the trial court denied on March 29, 2022. Pacheco filed this timely appeal.[3] Both Pacheco and the trial court complied with Pa.R.A.P. 1925.

On appeal, Pacheco raises one issue: Whether the trial court sentenced Pacheco to an illegal sentence under 42 Pa.C.S. § 9762(i) when the court sentenced him to 16 to 36 months' incarceration in a state correctional institution on the charge of possession of a controlled substance[,] when the grading of such a charge is an ungraded misdemeanor? Appellant's Brief, at 4.

A claim challenging the legality of a sentence is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Kline**, 166 A.3d 337, 340-41 (Pa. Super.

_____

[3] Counsel for Pacheco filed a notice of appeal on April 14, 2022, from the "Judgment of Sentence entered on this matter March 17, 2022, and the subsequent denial of the Post-Sentence Motion entered on this matter on March 29, 2022." Notice of Appeal, 4/14/22. Counsel erroneously stated the appeal was from the March 17, 2022 judgment of sentence and the March 29, 2022 order denying post-sentence motions, rather than from the March 18, 2022 amended judgment of sentence. Where the sentencing court amends the judgment of sentence during the period it maintains jurisdiction pursuant to 42 Pa.C.S. § 5505, the direct appeal lies from the amended judgment of sentence. **See Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010); **see also Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.") (citation omitted).

2017). If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated. *Id.*

Pacheco argues that the court's order requiring him to serve his sentence in a state institution is illegal because his conviction was for a single count of possession, an ungraded misdemeanor. He contends the court is prohibited, under 42 Pa.C.S. § 9762(i), from committing him to a state prison because neither "the aggregate sentence consists of a conviction for an offense graded as a misdemeanor of the second degree or higher," nor has "the Secretary of Corrections or the secretary's designee [] consented to the commitment." *Id.*

Section 9762(b) provides, in relevant part:

**(b) Sentences or terms of incarceration imposed after a certain date.--**All persons sentenced three or more years after the effective date of this subsection [] to total or partial confinement shall be committed as follows:

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) *Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement, except upon a finding of **all** of the following*:

(i) *The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.*

(ii) *The attorney for the Commonwealth has consented to the confinement of the person in the county prison.*

>*(iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.*
>
>(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S. § 9762(b) (emphasis added; footnote omitted). Thus, a sentence with a maximum term between two and five years must be served in state prison, unless each of the conditions in subsection (b)(2)(i)-(iii) is met. At the sentencing hearing, the assistant district attorney recommended "16 months to 36 months in the Berks County Prison." N.T. Sentencing, 3/17/22, at 3. The court stated, however, that "the warden of our [county] prison has not certified the availability for state sentences." *Id.* at 7. Because Berks County Prison was not certified "for the commitment of persons sentenced to maximum terms of two or more years but less than five years[,]" subsection (b)(2)(i) was not met. Accordingly, the court did not have the authority to order Pacheco's sentence be served in county prison.

Nevertheless, Pacheco argues that section 9762(i) prohibits the court from sentencing an individual convicted of an ungraded misdemeanor to state prison. Section 9762(i) states:

>**(i) Prohibition.--** Notwithstanding any other provision of law, *no person sentenced to total or partial confinement after the effective date of this subsection shall be committed to the Department of Corrections unless*:
>
>(1) the *aggregate sentence consists of a conviction for an offense graded as a misdemeanor of the second degree or higher*; or

(2) the Secretary of Corrections or the secretary's designee has consented to the commitment.

42 Pa.C.S. § 9762(i).

The Commonwealth argues that while section 9762(i)(1) does, in fact, prohibit a state sentence for an ungraded misdemeanor, the three-year maximum sentence permitted by 35 P.S. § 780-113(b), which applied to Pacheco in light of his prior convictions, is "specifically applicable to these sentencing proceedings pursuant to [section] 9762(j)." Commonwealth's Brief, at 4. The Commonwealth contends that Pacheco's enhanced sentence "was consistent with a first-degree misdemeanor," and, therefore, the court's order requiring he serve that sentence in state prison was not illegal. *Id.* at 7. We agree.

Section 9762(j) states: "18 Pa.C.S. § 106(b)(8) and (9) (relating to classes of offenses) applies to subsection (i)." 42 Pa.C.S. § 9762(j). Specifically, subsections 106(b)(8) and (b)(9) of the Crimes Code classify a crime as a "misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year[,]" 18 Pa.C.S. § 106(b)(8), or if it is declared a misdemeanor "without specification of degree[.]" *Id.* at § 106(b)(9). In other words, a person convicted of a third-degree misdemeanor cannot be sentenced to a state institution. However, pursuant to section 780-113(b) of the Controlled Substance, Drug, Device and Cosmetic

Act, Pacheco's sentence was properly enhanced to a first-degree misdemeanor. Section 780-113(b) provides:

> (b) Any person who violates any of the provisions of clauses (1) through (11), (13) and *(15) through (20)* or (37) of subsection (a) shall be guilty of a misdemeanor, and except for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both, and for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding five thousand dollars ($5,000), or both; but, *if the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both.*

35 P.S. § 780-113(b) (emphasis added). Notably, in **Commonwealth v Cousins**, 212 A.3d 34 (Pa. 2019), our Supreme Court held that convictions under 35 P.S. §§ 780-113(a)(31) and (32) (possession of paraphernalia and possession of small amount of marijuana) were properly used to enhance maximum sentences under section 780-113(b)). The Court stated: "[U]pon review of the Act, we conclude that 35 P.S. § 780-113(b) is not ambiguous. Indeed, in referring to a "violation of this act under this section," the legislature *clearly evidenced an intent that any violation under the entirety of 35 P.S. § 780-113, and not only those violations specified in § 780-113(b), would support an enhanced sentence.*" **Id.** at 39-40 (emphasis added).

Here, Pacheco had multiple prior convictions for simple possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of a small amount of marijuana. Thus, Pacheco was subject

- 6 -

to the enhanced sentencing provision of 35 P.S. § 780-113(b), elevating his crime to a first-degree misdemeanor.  *See* 18 Pa.C.S. § 108(6) ("A crime is a misdemeanor of the first degree if it is so designated in this title *or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years*.") (emphasis added).  Accordingly, the court's order requiring Pacheco serve his sentence in state prison was not illegal.  *Kline*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2022