J-A26042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT FENNELL | : | |
| | : | |
| Appellant | : | No. 1454 WDA 2024 |

Appeal from the Order Entered November 5, 2024
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001935-2009

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: December 24, 2025**

Appellant, Robert Fennell, appeals *pro se* from the order entered in the Cambria County Court of Common Pleas, which denied Appellant's motion to modify his sentence. We conclude that the court should have treated Appellant's motion as an untimely petition filed under the Post Conviction Relief Act ("PCRA"),[1] and consequently, the court had no jurisdiction to address the petition on the merits. Thus, we affirm the order denying Appellant's motion, albeit on different grounds.

Briefly, the PCRA court set forth the facts and procedural history of this case as follows:

> On December May 8, 2009, Pennsylvania State Trooper Kenneth Durbin investigated an incident at SCI Cresson, Cambria County, Pennsylvania, between an inmate, Appellant, and Russell Carl Bollinger, a correctional officer

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

(hereinafter "Victim"). At the time of the incident, Victim was on duty and acting within the scope of his duties as a correctional officer at SCI Cresson. While together in a room, Appellant approached Victim, punched Victim in the face, and placed Victim in a headlock. Victim suffered bruising and swelling to his face and muscle strain in his back.

(PCRA Court Opinion, filed 1/13/25, at 1) (record citations omitted).

On June 24, 2010, after a non-jury trial, the court found Appellant guilty of two counts of aggravated assault, and one count each of simple assault, assault by a prisoner, resisting arrest, and recklessly endangering another person. On August 10, 2010, the court sentenced Appellant to an aggregate term of 10 years and 29 days to 20 years, one month, and 29 days of incarceration and ordered Appellant to pay the costs of prosecution. On March 19, 2012, this Court affirmed Appellant's convictions, and our Supreme Court denied allowance of appeal on August 14, 2013.[2] *See Commonwealth v. Fennell*, No. 186 WDA 2011 (Pa.Super. filed Mar. 19, 2012), *appeal denied*, 621 Pa. 653, 72 A.3d 600 (2013). Appellant subsequently litigated two unsuccessful PCRA petitions. *See Commonwealth v. Fennell*, No. 1280 WDA 2015 (Pa.Super. filed Dec. 2, 2016), *appeal denied*, 642 Pa. 24, 169 A.3d 1029 (2017) (affirming denial of first counseled PCRA petition); *Commonwealth v. Fennell*, No. 987 WDA 2021 (Pa.Super. filed Aug. 5,

---

[2] This Court vacated the sentences imposed on the convictions for simple assault and the second count of aggravated assault, but because those sentences had been imposed concurrently, doing so did not disturb the trial court's overall sentencing scheme.

2022) (affirming dismissal of second PCRA petition as untimely).

On September 9, 2024, Appellant filed a "Motion for Reconsideration Pursuant to 42 Pa.C.S.A. § 5505 Requiring Defendant to Pay Court Costs in Violation of 61 P.S. § 2151(b)." In his motion, Appellant argued that 61 P.S. § 2151(b) mandates that the trial court impose costs of prosecution on the Department of Corrections (DOC). On this basis, Appellant insisted that the court did not have the statutory authority to impose such costs on Appellant. Appellant requested modification of his original sentence such that the court remove the requirement that he pay court costs, and reimbursement of the court costs that he already paid.

The court held a hearing on Appellant's motion on October 14, 2024. The court denied the motion on November 5, 2024, as an untimely motion to modify sentence. On November 14, 2024, Appellant filed the instant appeal *pro se* from the court's order denying his motion for reconsideration.[3] Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on December 18, 2024.

Appellant raises the following issues on appeal:

> I. Whether the trial [c]ourt abused its discretion by failing to follow the established precedent set forth in another Court of Common Pleas decision, namely, **Montgomery**

---

[3] The court issued a second order on November 5, 2024, which denied a motion to open and vacate sentence, which Appellant had filed on October 15, 2024. Appellant's current notice of appeal makes clear that he is appealing from the order denying his motion for reconsideration, not the order denying his motion to open and vacate.

> ***County v. Department of Corrections*** 879 A.2d 843 (Pa.Commw. 2005) Pa Commw. LEXIS 404 (Pa.Commw. Ct. 2005), *aff'd* 587 Pa. 500, 901 A.2d 494, 2006 Pa. LEXIS 1273 (Pa. 2006) since "it is well settled that, absent the most [compelling] circumstances a Judge should follow the decision of a colleague of the same Court when … based on the same set of facts.
>
> II. Whether the trial court abused its discretion under an act of fraud when the court ordered [Appellant] to pay the [c]ourt cost under Act 84, pursuant to 42 Pa.C.S. § 9728(b)(5), when the [c]ourt should have known that such an order was unlawful pursuant to 61 P.S. § 2151(b) which required the DOC to bear and pay the cost of trial for all crimes and offenses committed by inmates at Correctional Institutions.

(Appellant's Brief at VI).

As a preliminary matter, we must address whether the court had jurisdiction over Appellant's motion for reconsideration. Generally, under Pennsylvania law, a post-sentence motion to modify a sentence must be filed within ten days of the imposition of the sentence. ***See*** Pa.R.Crim.P. 720. Failure to file such a motion within ten days waives all sentencing issues aside from those involving the legality of the sentence. ***Commonwealth v. Coleman***, 226 A.3d 598, 602 (Pa.Super. 2020). Additionally, it is well settled that a claim that the court lacked statutory authority to impose a sentence is a challenge to the legality of the sentence. ***See Commonwealth v. Prinkey***, 673 Pa. 108, 121, 277 A.3d 554, 563 (2022). ***See also Commonwealth v. Robinson***, 7 A.3d 868, 870 (Pa.Super. 2010) (stating: "[t]his Court has held that an attack upon the power of a court to impose a given sentence is a challenge to the legality of a sentence").

- 4 -

"A challenge to the legality of a sentence…may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Kline***, 166 A.3d 337, 340 (Pa.Super. 2017), *appeal denied*, 644 Pa. 330, 176 A.3d 236 (2017) (citation omitted). However, as this Court has explained, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." ***Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa.Super. 2019). ***See also Commonwealth v. Fowler***, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral attack on legality of sentence must be raised in PCRA petition). "[C]hallenges to the legality of a sentence fall within the purview of the PCRA." ***Prinkey, supra*** at 118, 277 A.3d at 560 (footnote omitted).

Instantly, Appellant is seeking to modify his original sentence and remove the requirement that he pay court costs, alleging that the trial court lacked statutory authority to impose such a requirement. As presented, Appellant's claim that the court lacked statutory authority to impose court costs implicates the legality of his sentence. ***See Prinkey, supra***; ***Robinson, supra***. Such a claim is cognizable under the PCRA.[4] ***See Prinkey, supra***;

_____

[4] In his concise statement of errors complained of on appeal, Appellant raised, for the first time, an argument that because the provision of his sentence requiring him to pay costs was illegal, the court did not have the authority under Act 84 to impose deductions against his inmate account to pay for the costs. Jurisdiction over Act 84 challenges raised by a petitioner may lie with
*(Footnote Continued Next Page)*

*Fowler, supra*.  Thus, we conclude that the court erred by failing to consider Appellant's motion for reconsideration as a subsequent PCRA petition, and we must ascertain whether the jurisdictional requirements of the PCRA have been satisfied.

The timeliness of a PCRA petition is a jurisdictional requisite.  ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011) (stating: "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition").  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

_____

either this Court or the Commonwealth Court depending on the nature of the challenge presented.  Under 42 Pa.C.S.A. § 761(a), the Commonwealth Court has original jurisdiction over cases challenging actions of the DOC in deducting funds from inmate accounts under Act 84.  ***See, e.g., Sherwood v. Pennsylvania Dep't of Corr.***, 268 A.3d 528, 539 (Pa.Cmwlth. 2021) (stating, "[m]atters challenging Act 84 deductions are properly brought before [the Commonwealth] Court in [its] original jurisdiction"); ***Commonwealth v. Danysh***, 833 A.2d 151, 153-54 (Pa.Super. 2003) (holding that Commonwealth Court had exclusive subject matter jurisdiction over petition for review seeking injunction against DOC to stop Act 84 deductions).  Here, however, Appellant's argument raised in his motion for reconsideration challenged the original sentence imposed, rather than the manner of deduction of funds from his inmate account.  Accordingly, we conclude that the Commonwealth Court does not have exclusive jurisdiction over this matter.

or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Challenges to the legality of a sentence cannot be waived on appeal; "[h]owever, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super. 2014) (citation omitted). Therefore, a challenge to the legality of a sentence may be lost if raised in an untimely PCRA petition, where no exception to the time bar is pled or proven, because the court lacks jurisdiction to review the merits of the claim. *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019),

*appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A defendant cannot "sidestep … the jurisdictional requirements of the PCRA." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012).

Here, Appellant's judgment of sentence became final on November 12, 2013, ninety days after our Supreme Court denied his petition for allowance of appeal following Appellant's direct appeal, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*). Appellant filed the instant motion on September 9, 2024, which the court should have treated under the ambit of the PCRA, and which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Appellant does not invoke or adequately develop on appeal any argument related to the statutory exceptions required to revive an otherwise untimely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Thus, Appellant's current filing remains a patently untimely PCRA petition. As such, Appellant's claim for relief is time-barred. Accordingly, we affirm the court's denial of relief, albeit on other grounds.[5] **See Commonwealth v. Reese**, 31

---

[5] We note that because the court did not consider Appellant's motion under the PCRA it did not issue notice per Pa.R.Crim.P. 907 before denying relief. Nevertheless, failure to do so is not reversible error where the record is clear that the PCRA petition is untimely. **See Commonwealth v. Pridgen**, 305 A.3d 97 (Pa.Super. 2023), *appeal denied*, ___ Pa. _____, 318 A.3d 97 (2024).

A.3d 708, 727 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm on any basis as long as ultimate decision is correct).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/24/2025